✎ JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Tony Roland Martinez, on behalf of themselves and all other similarly situated

**DEFENDANTS**

Sony Computer Entertainment America, LLC, Sony Network Entertainment International, LLC

**(b)** County of Residence of First Listed Plaintiff United States
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    United States
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Daniel Tamez, Esq. Gnau & Tamez Law Group 1010 2nd Ave 1750 San Diego CA 92101, 619-446-6736; Majed Nachawati, Esq. Fears & Nachawati 4925 Greenville Ave 715 Dallas, TX 75206; 214-890-0711; Jeremy Wilson, Esq. 302 N Market St 510 Dallas, Tx

Attorneys (If Known)

**MEJ E-filing**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
     Plaintiff

☐ 3 Federal Question
     (U.S. Government Not a Party)

☐ 2 U.S. Government
     Defendant

☒ 4 Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)          and One Box for Defendant)

**ADR**

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 another district
     (specify)

Transferred from

☐ 6 Multidistrict
     Litigation

Appeal to District

☐ 7 Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
CA Bus.&Prof Code 17200, et seq; CA Civil Code 1572, 1709, 1710, 1770(a)(7), 1770(a)(9)

Brief description of cause:
Defendants violated the privacy rights of the Plaintiff and each class member

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE    ☐ EUREKA

DATE
06-10-11

SIGNATURE OF ATTORNEY OF RECORD

FILED

2011 JUN 13 P 4: 15

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Daniel R. Tamez, Esq. State Bar No. 216619
   GNAU & TAMEZ LAW GROUP
2  danieJtamcz@sdinjuryaltorney.com
   1010 SECOND A VENUE. SUITE 1750
3  SAN DIEGO. CALIFORNIA 92101
   Telephone: (619) 446·6736
4  Facsimile: (619) 793-5215

5  Majed Nachawati (not admitted)
   Texas State Bar No. 24038319
6  mn@fnlawfirm.com
   Fears | Nachawati Law Firm
7  4925 Greenville Ave, Suite 715
   Dallas, Texas 75206
8  Telephone: (214) 890-0711
   Facsimile: (214) 890-0712
9
   Jeremy R. Wilson (not admitted)
10 Texas State Bar No. 24037722
   Kenneth P. Trosclair
11 State Bar No. 24033548
   302 N. Market St.
12 Suite 510
   Dallas, Texas 75202
13 Telephone: (214) 484-1930
   Facsimile: (214) 276-1475
14
15 **ATTORNEYS FOR PLAINTIFFS**
   **(pro hac vice application pending)**

16            IN THE UNITED STATES DISTRICT COURT
17   FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

18

**E-filing**

| | |
|---|---|
| 19  TONY ROLAND MARTINEZ, on behalf of<br>themselves and all others similarly situated,<br>20      Plaintiffs,<br><br>21  v.<br><br>22  SONY COMP. ENT. AM.LLC, SONY NETWORK<br>ENT. INTL. LLC, INC.,<br>23      Defendants. | CV 11 2900 MEJ<br>Cause No.<br><br>Judge: _____<br><br>**COMPLAINT – CLASS<br>ACTION**<br><br>JURY TRIAL DEMAND |

24
25
26
27
28

Plaintiff TONY ROLAND MARTINEZ ("MARTINEZ" or "Plaintiff,") brings this action

against SONY COMPUTER ENTERTAINMENT AMERICA LLC ("SCEA") and SONY

1  NETWORK ENTERTAINMENT INTERNATIONAL LLC ("SNEI") (collectively, "SONY" or

2  "Defendant"), on behalf of himself, all others similarly situated, and alleges as follows:

## I.

### OVERVIEW

5  1.      This action is brought on behalf of plaintiff individually, as and as class

6  representatives for all others similarly situated nationwide against SONY to redress Defendant's

7
   breach of warranty, negligent data security, violations of consumers' rights of privacy, failure to
8
9  protect those rights, and failure and on-going refusal to timely inform consumers of unauthorized

10  third party access to their credit card account and other nonpublic and private financial information.

11  2.      This action arises from SONY'S lack of adequate computer data security measures to

12  protect consumer personal data and financial data. Specifically, this data includes, but is not limited

13  to credit card data.   Sony should have reasonably foreseen the ultimate exploitation of such

14
   inadequate security at Defendant's SONY by computer "hackers."   The inadequate security and
15
16  eventual breach compromised the privacy and private information of approximately seventy-seven

17  (77) Million consumer credit card account holders.

18  3.      Plaintiff is informed and believes that this breach of security was caused by SONY's

19  negligence in data security.  SONY failed, among other things, to maintain a proper firewall and

20  computer security system, failed to properly encrypt data,  maintained and retained unauthorized

21  data,  violated Payment Card Industry Data Standard(s) and rules and regulations it was bound to

22
23  obey for the benefits of consumers concerning the storage of consumers' private identifying

24  transaction and credit card information, and violated California laws requiring the implementation

25  and maintenance of security for customer information, Civil Code § 1798.80 *et seq*.

26  4.      Subsequent to the compromise of private consumer information and financial data,

27  Defendant unnecessarily delayed and / or failed to inform the appropriate entities in a timely fashion.

28

---

1   Further, consumers whose data was compromised were not informed of their vulnerabilities and

2   exposure to credit card (or other) fraud allowing consumers to make an informed decision as to

3   whether to change credit cards numbers, close the exposed accounts, check their credit reports, or

4   take other preventive actions. Defendant failed to provide regular credit reports and credit

5   monitoring at their own expense to those whose private data was exposed and left vulnerable. This

6   caused, and continues to cause, millions of consumers fear, apprehension, and damages including

7   extra time, effort, and costs for credit monitoring, and extra time, effort, and costs associated with

8   replacing cards and account numbers, and burden, and is harming both consumers' and merchants'

9   ability to protect themselves from such fraud. This lawsuit seeks to remedy the injury incurred by

10  Plaintiff and the class as a result of Defendants' actions..

11      5.      Plaintiff and all other users of PlayStation consoles and PlayStation Network ("PSN")

12

13  service nationwide, were further damaged as a result of the disruption of service and loss of data

14  security. This suit also seeks to redress SONY's failure to adequately provide service to PlayStation

15  consoles and PlayStation Network ("PSN").

16

17      6.      As reported in numerous published sources, as a result of the breach of security and

18  loss of personal data belonging to Plaintiff and Class members, users experienced an inability to

19  access PSN services, including inability to use the online gaming network.

20

21      7.      Defendant did not inform Plaintiff or all other users of PlayStation consoles and

22  PlayStation Network ("PSN") service nationwide regarding the reason for suspension of service or

23  the fact of the security breach for a week after the security breach.

24      8.      As a result of the combination of wrongful acts and omissions of the Defendant in

25  this case, consumers and merchants have been harmed and are in significant danger of further harm.

26      9.      Plaintiff seeks damages to compensate him and the Class for their loss (both

27  temporary and permanent) of use of their PlayStation consoles and the PlayStation Network and

28

1  Qriocity services (collectively referred to herein as "PSN" service), and their time and effort spent

2  attempting to protect their privacy, identities and financial information.

3      10.    Furthermore, Plaintiff is informed and believes that Defendant has been aware for a

4  substantial period of time that PSN was prone to catastrophic loss of data from security breach.

5

6  However, Defendant failed to warn its customers of the problem or tried to prevent them from

7  suffering system suspension because of security breaches and data losses. Defendant failed to

8  effectively remedy the problems and defects inherent in the PSN.

9      11.    SONY failed to inform consumers who purchased defective PlayStation consoles and

10  PSN service.  Specifically, SONY did not warn customers about the risks inherent in purchasing

11  those consoles and relying upon SONY's data security.

12

13      12.    Plaintiff asserts claims for breach of the Song-Beverly Consumer Warranty Act

14  ("Song-Beverly Act"), for breach of express warranty pursuant to Commercial Code § 2313 and

15  pursuant to the Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750, for Negligence,

16  claims under Business and Professions Code §§ 17200 and 17500, *et seq*.

17      13.    Plaintiff seeks actual and/or compensatory damages; restitution; equitable relief, costs

18  and expenses of litigation, including attorneys' fees; and all additional and further relief that may be

19  available.

20   

21  **II.**

22  **PARTIES**

23  14. Plaintiff, TONY ROLAND MARTINEZ, is a citizen of the State of Texas and the United

24  States of America, who maintains a residence in San Antonio, Texas, first purchased a SONY

25  PlayStation3 console, the PSN service and multiplayer games for use on the PSN service in or

26  around November of 2010. On or about April 17-18, 2011, Plaintiff noticed he had lost access to

27

28  PSN.  Plaintiff did not know of the security breach and loss of his personal and credit card data

1 | stored on SONY's servers.

2 | 15. Defendant, SONY COMPUTER ENTERTAINMENT AMERICA LLC (formerly

3 | SONY COMPUTER ENTERTAINMENT AMERICA INC.) ("SCEA) is a Delaware limited

4
5 | liability company with its executive offices and principal place of business and corporate

6 | headquarters in Foster City, California.

7 | 16. Defendant, SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC

8 | ("SNEI") is a Delaware limited company with its executive office and principal place of business

9 | and corporate headquarters in Los Angeles, California.

10 | ### III.

11 | ### JURISDICTION AND VENUE

12 | 17. This case is subject to original jurisdiction in this court pursuant to the Class Action

13 | Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered section of 28

14
15 | U.S.C.)("CAFA") because at least one member of the proposed class has a different citizenship from

16 | a defendant and the total matter in controversy exceeds $5,000,000. Thus, this court has subject

17 | matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper in the Northern

18 | District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which

19 | defendant SCEA is located and a District in which a substantial part of the events or omissions

20 | giving rise to the claim occurred.

21 | 18. **INTRADISTRICT ASSIGNMENT** – Pursuant to Civil Local Rule 3-2(e), this case

22
23 | shall be assigned to the San Francisco Division as it arises from San Mateo County.

24 | **IV. CLASS ACTION ALLEGATIONS**

25 | 19. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23

26 | (b)(3) on behalf of himself and the following Nationwide Class:

27
28 |
> All persons or entities that purchased a Sony PlayStation console and
> subscribed to the PlayStation Network or Qriocity service and suffered
> loss of service and breach of security on or about April 17-19, 2011.

COMPLAINT

Excluded from this Class are SONY COMPUTER ENTERTAINMENT AMERICA LLC and SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC, and their affiliates, employees or agents, or persons or entities that distributes or sell the Sony PlayStation and the PlayStation Network service.

20.    The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are approximately seventy-seven (77) million purchasers of the Sony PlayStation and the PSN service who have suffered loss of service who have suffered loss of service and breach of security.

21.    There are questions of law and fact to be members of the Class that predominate over any questions affecting only individual members, including:

- whether Defendant's conduct constitutes negligence;

- whether Defendant's conduct violates California's Consumer Legal Remedies Act;

- whether Defendant's conduct violates Cal. Bus. & Prof. Code § 17200;

- whether Defendant's conduct violates Cal. Bus. & Prof. Code § 17500;

- whether Defendants breached the warranties alleged;

- whether Defendant misrepresented the PSN service capabilities to protect data;

- whether Defendant concealed and did not disclose the defects in the PSN service capabilities to protect data;

- whether Defendant unreasonably delayed in remedying the suspension of service and loss of data.

22.    Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class and are subject to no unique defenses.

23.    Plaintiff will fairly and adequately protect the interests of the Class and have retained attorneys experienced in class and complex litigation.

24.    A class action is superior to other available methods for the fair and efficient

1  adjudication of this controversy for the following reasons:

2    - It is economically impractical for each member of the Class to prosecute individual
3      actions.

4    - The class is readily definable.

5    - Prosecution as a class action will eliminate the possibility of repetitious litigation.

6    - A class action will enable claims to be handled in an orderly and expeditious manner.

7    - A class action will save time and expense and will ensure uniformity of decisions.

8
9    - Plaintiffs do not anticipate any difficulty in the management of this litigation as a
      class action.

10   23.   San Mateo county, California, as the site of SCEA's headquarters and the place where

11  all significant decision-making occurred with respect of the PSN service, is the center or gravity for

12  this action such that it is appropriate and consistent with existing law to certify the class of

13

14  consumers proposed in the Complaint to be litigated to this District.

15   24.   Certification of such a class under the laws of California is appropriate because:

16   - SCEA is a limited liability company conducting substantial business in and from
     California.
17   - SNEI is a limited liability company conducting substantial business in and from
     California.
18

19   - SCEA's and SNEI's principal and executive offices, as well as its corporate
     headquarters, are located in California.
20

21   - SCEA's and SNEI's marketing, promotional activities and literature are coordinated
     at, emanate from and/or are developed at their California headquarters.
22

23   - The UCL and § 17500 expressly apply to claims asserted by out-of-state Class
     members regarding false representation emanating from the State of California.

24   - A significant number of Class members reside in the State of California.

25
     - SONY expressly attempts to impose California law upon purchasers of the
26     PlayStation and PSN service.
                        **VI.**
27
                **SUBSTANTIVE ALLEGATIONS**
28

26.    Defendant represents and advertises the PlayStation consoles and PSN and Qriocity services as being an exceptionally powerful and secure gaming system and online gaming network, offering gaming, music and movies to people with PlayStation consoles.

27.    The PlayStation consoles and PSN service not only allows users to play games online but also allows users to buy content and services.  Such services include new or required levels for games, movies, television shows and/or original programs.  Users are also allowed to trade points earned on games for products and services related to online gaming

28.    On information and belief, PSN's security was breached between April 17-19, 2011, exposing names, addresses, email addresses, birthdates, usernames, passwords, logins, security questions and possibly credit card data belongings to approximately seventy-seven (77) million user accounts.

29.    On information and belief, Defendant reacted to the security breach by shutting down the PSN.  However, Defendant failed to advise Plaintiff or members of the Class why the PSN was shut down until Tuesday, April 26, 2011.

30.    Defendant's shutdown of PSN prevented Plaintiff and the Class from buying and downloading games or making use of their PlayStation consoles for multiplayer gaming over the Internet. Defendant promised customers the PSN would be available and running again a week from May 1st but the PSN was not back until thirteen (13) days later on May 14th, 2011.

31.    On information and belief, children with accounts established buy their parents also may have had their data exposed.

32.    As well as apologizing publicly for the lapse of care SONY also admitted the gravity of the situation and warned its customers that their personal data had been stolen, urging users to change passwords and check their credit card accounts for fraudulent behavior. SONY also claimed it would offer its US customers free time on the system and identity theft monitoring services as

1  compensation.

2      33.    SONY misrepresented the quality and reliability of the PSN service and its ability to

3  keep data secure, including, but not limited to its representation in its Privacy Policy, which states in

4
   pertinent part:
5
              **Accuracy & Security** We take reasonable measures to protect the
6              confidentiality, security, and integrity of the personal information
               collected from our website visitors. Personal information is stored in
7              secure operating environments that are not available to the public and
               that are only accessible to authorized employees. We also have
8              security measures in place to protect the loss, misuse, and alteration of
               the information under our control…
9
10     35.    On information and belief, SONY failed to maintain proper and adequate backups

11  and/or redundant systems, failed to encrypt data and establish adequate firewalls to handle a server

12  intrusion contingency, failed to provide prompt and adequate warnings of security breaches, and

13  unreasonably delayed in bringing the PSN service back on line.

14     36.    The harm caused by Defendant's false and misleading statements and omissions

15  grossly outweigh any benefit that could be attributed to them.

16
       37.    On information and belief, Defendant is and has been aware of the scope of the
17
    problems with the PSN service but failed to take substantial corrective action. On information and
18
    belief, Defendant has taken only minimal action in response to consumer complaints.
19

20     38.    Under a number of California consumer statues and equitable provisions the

21  consumer product protections of California law are unwaivable by the use of any shrink-wrap

22  warranty limitations. For example, the Song-Beverly Acts states expressly:

23
              Any waiver by the buyer of consumer goods of the provisions of this
24            chapter, except as expressly provided in this chapter, shall be deemed
              contrary to public policy and shall be unenforceable and void
25
       39.    On information and belief SONY was, at all times relevant herein, in violation of the
26
    Payment Card Industry Data Security Standard by, including (without limitation), the following
27

28

---

COMPLAINT

conduct: improperly storing and retaining credit card transaction and consumer data in an unencrypted, unsecured, and unauthorized manner, failing to all reasonable steps to destroy, or arrange for the destruction of a customer's records within its custody or control containing personal information which is no longer authorized to be retained by the business by failing to shred, erase, or otherwise modify the personal in those records to make it unreadable or undecipherable through any means; failing to properly install, implement, and maintain a firewall to protect consumer data; failing to properly analyze and restrict IP addresses to and from its computer systems; or properly perform dynamic packet filtering; failing to properly restrict access to its computers; failing to properly protect stored data; failing to encrypt cardholder data and other sensitive information; failing to properly implement and update adequate anti-virus and anti-spyware software that would properly prevent unauthorized data transmissions caused by viruses, executable or scripts, from its servers or computer systems; failing to track and monitor all access to network resources and cardholder data; failing to regularly test security systems and processes or maintains an adequate policy that addresses information security, or to run vulnerability scans.

40.     On information and belief, due to security vulnerabilities at SONY, computer "hackers" (authorized third parties) gained access to SONY's computer data and compromised the security of approximately seventy-seven (77) Million credit card accounts and related security, identity and transaction data, including (without limitation) such data of California residents.

41.     On information and belief, one or more unauthorized persons who accessed SONY's computer data gained unauthorized access to the personal financial, credit and debit account, identifying, and other nonpublic information of plaintiffs herein.

42.     The compromised and stolen data was private and sensitive in nature and, on information and belief, was left unencrypted by SONY on its servers and included (without limitation), on information and belief, consumers' names, credit card account numbers, access codes

and other personal identifying information, including, but not limited to addresses, birthdates, usernames, passwords, logins and security questions.

## VII.

## CAUSES OF ACTION

**A.    Count I -- Violation of Bus. & Prof. Code §17200**

43.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

44.    Plaintiff and the class have suffered injury in fact and lost money or property as a result of such unfair competition.

45.    SONY has engaged in unfair, unlawful and fraudulent business practices as set forth above.

46.    By engaging in the above-described acts and practices, SONY has committed one or more acts of unfair competition within the meaning of Bus. & Prof. Code §17200, *et seq.*

48.    Defendant's acts and practices have and/or are likely to deceive members of the consuming public.

49.    Defendant's acts and practices are unlawful because they violate Civ. Code §§1572, 1709, 1710, 1770(a)(5), 1770(a)(7), 1770(a)(9). Defendant's acts and practices are also unlawful because they violate Bus. & Prof. Code §17500, *et seq.* Defendants unlawful and unfair practices include, without limitation, defendants', and each of their, unlawful negligence and violations of California Const. Art. I; Civil Code §§ 1798.81, 1798.81.5 prohibition against unreasonable penalties contained in Civil Code § 1671, and other laws of the State of California.

50.    The breach of SONY's security was the direct and proximate result, on information and belief, of SONY's failure to implement and maintain security procedures and practices reasonably designed to protect the credit card account and other nonpublic information of

1  consumers, including, without limitation, Plaintiff and the Class herein. As stated above, said breach
2  of security and unauthorized access to the private nonpublic information of Plaintiff and the Class
3  herein was reasonably foreseeable.

4
5      51.    Defendant, through its business relationship with Plaintiff and the Class herein, and
6  with each other, assumed the duty to keep the credit card account and other nonpublic information of
7  Plaintiff and the Class that is in their possession private and secure. By their acts and omissions
8  described herein, defendants, and each of them, unlawfully breached this duty.

9      52.    Defendant was in a special and a fiduciary relationship with the Plaintiff and the
10 Class by reason of their entrustment with credit card account and other nonpublic information. By
11 reason said of special and fiduciary relationship, defendant had duty of care to use reasonable means
12
13 to keep the credit card account and other nonpublic information of the Plaintiff and the Class that is
14 on their possession private and secure, and inform Plaintiff and the Class members forthwith when
15 any compromise of the security of such information occurred. Defendant has unlawfully breached
16 these duties.

17     53.    Pursuant to the right to privacy insured by California Const., Art. I, Section 1,
18 Defendants had duty to use reasonable care to prevent the unauthorized access, use or dissemination
19 of the credit card account and other nonpublic information of the Plaintiff and the Class herein. On
20 information and belief, Defendants unlawfully breached said duty.
21

22     54.    Pursuant to California Civil Code § 1798.81.5, defendant had duty to implement and
23 maintain reasonable security procedures and practices to with respect to the credit card account and
24 other nonpublic information of consumers, including, without limitation, the Plaintiff and the Class
25 herein, in order to protect such information from unauthorized access, use or disclosure. On
26 information and belief, defendants unlawfully breached said duty.
27

28     55.    On information and belief, the Plaintiff's and the Class's information that was

disclosed to unauthorized third parties, due to the breach of SONY's security was not encrypted. Pursuant to California Civil Code § 1798.82, defendant had, and continues to have, a duty to timely disclose the breach of security to Plaintiff and the Class whose personal information was, or is reasonably believed to have been, acquired by unauthorized persons. Defendant unlawfully breached this duty by, amongst other ways, delays and failure to properly disclose.

56.     Pursuant to the California Financial information Privacy Act, California Finance Code §§ 4050 *et seq.*, defendant breached unlawfully the requirements to prevent the unauthorized disclosures of nonpublic personal information of the Plaintiff and the Class to unaffiliated third parties. Fin. C. § 4052.5. defendant also unlawfully breached its duty to refrain from negligently disclosing nonpublic information pertaining to the Plaintiff and the Class to the third parties. Fin. C. § 4057.

57.     Pursuant to the California Constitutional Right to Privacy and California law there is an explicit public policy, creating and affirmative and continuing obligation on Defendants herein, to respect consumers' privacy and to provide reasonable consumer computer data security under the circumstances, including, without limitation, the Plaintiff and the Class herein, and to protect the security and confidentiality of their nonpublic personal information. Such duties include, without limitation, the duty to ensure security, protect against anticipated threats, and protect against unauthorized access. Defendants, on information and belief, breached said duties.

58.     Defendant's acts and practices are also unlawful because they violate the Song-Beverly Act, Civ. Code § 1790, *et seq.*

59.     Plaintiff, on behalf of himself, on behalf of the Class and on behalf of the common or general interest, seeks an order of this Court awarding restitution, disgorgement, injunctive relief and all other relief allowed under §17200,*et seq.*, plus interest, attorneys' fees and costs pursuant to, *inter alia*, C.C.P. §1021.5.

60. Plaintiff and the Class have been harmed by these actions and bring this suit to remedy these violations..

**B.      Count II -- Violation of Bus. & Prof. Code § 17500**

61. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

62. Plaintiff brings this cause of action on behalf of himself, on behalf of the Class and on behalf of the common or general interest. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants violation of Bus. & Prof. Code § 17500, *et seq.*

63. Beginning in or before 2006, Defendant engaged in advertising and marketing to the public and offered the PlayStation consoles and PSN service for sale throughout the United States, including California, and the world.

64. Defendant has engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the purchase of the PlayStation consoles and PSN service.

65. Defendant's advertisements and marketing representations regarding the technical and other characteristics of the PlayStation consoles and PSN service are false, misleading and deceptive as set forth more fully above.

66. At the time Defendant made and disseminated the statements alleged herein, it knew or should have known that the statements were untrue or misleading, and acted in violations of Bus. & Prof. Code §17500, *et seq.*

67. Defendant actively concealed its knowledge that the PlayStation consoles and PSN service contained inherent defects.

68. Plaintiff has been harmed. Plaintiff, on behalf of himself, on behalf of the Class and on behalf of the common or general interest, seeks restitution, disgorgement, injunctive relief and all other relief allowable under §17500, *et seq.*

69.     Plaintiff meets the standing requirements of C.C.P. 382 to bring this cause of action because, among other reasons, the question is one of a common or general interest, is a question of many persons and/or the parties are numerous and it is impracticable to bring them all before the Court.

**C.      Count III -- Breach of the Song-Beverly**

70.     Plaintiff realleges and incorporate the above allegations by reference as if set forth fully herein.

71.     Plaintiff on behalf of himself and the Class for breach of implied warranty under the Song-Beverly Act, Civ. Code § 1790, *et seq*.

72.     The PlayStation consoles are "consumer goods" within the meaning of Civ. Code §1791(a).

73.     Defendant's implied warranty of merchantability arose out of and/or was related to the sales of the PlayStation consoles and PSN service.

74.     As set forth more fully above, Defendant has failed to comply with its obligations under its implied warranty of merchantability.

75.     Plaintiff and the Class have suffered and will continue to suffer damages as a result of Defendant's failure to comply with its warranty obligations. Accordingly, Plaintiff and the Class are entitled to recover such damages under the Song-Beverly Act, including damages pursuant to Civ. Code §§1791.1(d) and 1974.

76.     Defendant's breaches of warranty, as set forth above, were willful. Accordingly, a civil penalty should be imposed upon Defendant in an amount not to exceed twice the amount of actual damages.

**D.      Count IV -- Violation of Consumer Legal Remedies Act**

77.     Plaintiff realleges and incorporates the above allegations by reference as if set forth

1  fully herein.

2      78.    Plaintiff brings this claim individually and on behalf of the Class against Defendant.

3      79.    Defendant has engaged in deceptive practices, unlawful methods of competition

4  and/or unfair acts as defined by Civ. Code §1750, *et seq*. to the detriment of Plaintiff, members of

5

6  general public and the Class. Plaintiff, the general public and members of the Class have suffered

7  harm as proximate result of the violation of law and wrongful conduct of Defendant alleged herein.

8      80.    Defendant intentionally, knowingly and unlawfully perpetrated harm upon Plaintiff

9  by the above described facts. To wit, Defendant's actions in selling defective products and failing to

10  remedy these defects have violated the following provisions of the CLRA:

11          (a)    Civil Code §1770(a)(5): Representing that goods or services have

12  sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not

13  have.

14

15          (b)    Civil Code §1770(a)(7): Representing that goods or services are of a particular

16  standard, quality or grade, or that goods are of a particular style or model, if they are of another.

17          (c)    Civil Code §1770(a)(9): Advertising goods or services with intent not to sell

18  them as advertised.

19          (d)    Civil Code §1770(a)(14): Representing that a transaction confers or involves

20  rights, remedies or obligations which it does not have or involve, or which are prohibited.

21

22          (e)    Civil Code §1770(a)(19): Inserting an unconscionable provision in the

23  contract.

24      81.    The Defendant's policies and practices are unlawful, unethical, oppressive, fraudulent

25  and malicious. The gravity of the harm to all consumers and to the general public from Defendant's

26  policies and practices far outweighs any purported utility those policies and practices have.

27      82.    Pursuant to Civ. Code §1780(a), Plaintiff seeks an order enjoining Defendant from

28

COMPLAINT

engaging in the methods, acts or practices alleged herein.

83.    Pursuant to Civ. Code §1781, if Defendant do not rectify it illegal acts within 30 days, Plaintiff intend to amend this Complaint to add claims for:

a)    actual damages;

b)    restitution of money to Plaintiff, the general public and Class members;

c)    punitive damages;

d)    attorneys' fees and costs; and

e)    other relief this Court deems proper.

**E.    Count V -- Breach of Express Contract**

84.    Plaintiff realleges and incorporates the above allegations as if set forth fully herein.

85.    Defendant agreed to, among other things, properly maintain Plaintiffs and Class members' data and provide uninterrupted PSN service. In exchange, Class members agreed to purchase PlayStation consoles and PSN service.

86.    Valid consideration existed, as Plaintiff and Class members paid money in exchange for Defendant's agreement to, among other things, maintain Plaintiff's and the Class members' data and provide uninterrupted service.

87.    The parties' agreement is contained in customer contracts and related documents.

88.    Defendant breached its contracts because Defendant did not properly maintain Plaintiff's and Class members' electronic information or provide uninterrupted service.

89.    Class members suffered and will continue to suffer damages including, but not limited to, loss of their electronic information and an interruption in service.

**F.    Count VI - Breach of Implied Contract**

90.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

91.    Defendant agreed to, among other things, properly maintain Plaintiffs' and Class members' data and provide uninterrupted PSN service. In exchange, Plaintiff and the Class members' agreed to purchase PlayStation consoles and PSN service.

92.    Defendant entered into implies contracts with Plaintiff and the Class members. Implied contracts arose from the course of conduct between the parties, as well as disclosures on Defendant's websites, in advertising materials, on product packaging, and/or on customer contracts. For example, Defendant disclosed on numerous occasions as alleged herein that users' data would not be disclosed to third parties. The disclosures created a reasonable expectation that users' data would be adequately maintained, and that the PSN functionally would be continuously available.

93.    Valid consideration existed, as Plaintiff and Class members paid money to Defendant in exchange for Defendant's agreement to, among other things, maintain users' data and provide uninterrupted PSN service.

94.    Defendant breached their implied contracts because they did not properly maintain Plaintiff and the Class members' electronic information or provide uninterrupted service.

95.    Plaintiff and Class members suffered and will continue to suffer damages including, but not limited to, loss of their personal, private financial information and an interruption in service.

**G.    Count VII -- Negligence**

96.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

97. Plaintiff brings this cause of action on behalf of himself and the Class. Plaintiff have suffered injury in fact and lost money or property as a result of such negligence.

98.    Defendant owed a duty of care to Plaintiff, individually and to the Class he represents.

99.    Defendant owed a duty to Plaintiff and the Class to use reasonable care in

1 | maintaining the PlayStation and PSN service in a manner that protected the data Plaintiff and the

2 | Class uploaded to the PSN service;

3     100.    Defendant breached their duty to Plaintiff and the Class by failing to ensure the

4 | integrity of their data;

5

6     101.    Had the Defendant exercised reasonable care and skill protecting the data of Plaintiff

7 | and class members, data would not have been lost.

8     102.    Plaintiff and the Class have suffered damages, including, but not limited to, economic

9 | damages, according to proof at trial.

10

### VIII.

11

### PRAYER FOR RELIEF

12

13     **WHEREFORE,** Plaintiff, on behalf of himself, all others similarly situated and pray for

14 | judgment against Defendant as follows:

15     1) An order certifying this case as a class action and appointing Plaintiff and his counsel to

16        represent the Class.

17     2) Restitution and disgorgement of all amounts obtained by Defendant as a result of its

18        misconduct, together with interest thereon from the date of payment, to the victims of

19        such violations.

20

21     3) Actual damages for injuries suffered by Plaintiff and the Class.

22     4) Compensatory money damages according to proof.

23     5) Statutory damages according to proof.

24     6) An order requiring Defendant to immediately ceases its wrongful conduct as set forth

25        above; enjoining Defendant from continuing to falsely market and advertise, conceal

26        material information and conduct business via the unlawful and unfair business acts and

27

28        practices complained of herein; ordering Defendant to engage in corrective notice

1    campaign; and requiring Defendant to refund to Plaintiff and all members of the Class the

2    funds paid to Defendant for the defective PlayStations and PSN services; ordering

3    Defendant to pay for credit card monitoring for Plaintiff and all members of the Class.

4
     7)  Attorneys' fees and costs.
5
     8)  For statutory prejudgment interest.
6
7    9)  For such other relief as this Court may deem just and proper.

8                                          **IX.**

9                                   **JURY DEMAND**

10   Plaintiff demands a trial by jury.

11

12   Respectfully submitted,

13

14                            **GNAU & TAMEZ LAW GROUP,LLP**

15
                              /s/ Daniel R. Tamez
16                            Daniel R. Tamez, Esq. State Bar No. 216619
                              danieJtamcz@sdinjuryaltorney.com
17                            1010 SECOND AVENUE. SUITE 1750
                              SAN DIEGO. CALIFORNIA 92101
18                            Telephone: (619) 446·6736

19                            **FEARS | NACHAWATI LAW FIRM, P.L.L.C.**
                              Majed Nachawati
20                            SBN 24038319
                              mn@fnlawfirm.com
21                            Bryan Fears
                              SBN 24040886
22                            fears@fnlawfirm.com
                              Fears I Nachawati Law Finn
23                            4925 Greenville Ave, Suite 715
                              Dalias. Texas 75206
24                            Telephone: (214) 890-0711
                              Facsimile: (214) 890-0712
25
                              (*pro hac vice* application to be filed)
26

27                            **WILSON TROSCLAIR & LOVINS, P.L.L.C.**
                              Jeremy R. Wilson
28                            State Bar No. 24037722

                                       COMPLAINT

1

2

3

4

Kenneth P. Trosclair
State Bar No. 24033548
302 N. Market SI.
Suite 510
Dallas, Texas 75202
Telephone: (214) 484-1930
Facsimile: (214) 276-1475

5

*(pro hac vice* application to be filed)

6

**ATTORNEYS FOR PLAINTIFFS**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

LA1 1891747v.1